UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VIGILANT INSURANCE COMPANY a/s/o
Eastward Vista, LLC

Plaintiff,

vs.

EAST GREENWICH OIL CO., INC.
and
EASTERN SECURITY CORPORATION

Defendants.

CIVIL ACTION NO. CA04- 439S

## AFFIDAVIT OF A. RICHARD BAILEY, ESQUIRE

AND NOW, this 21st day of June, 2005, A. Richard Bailey, who has been admitted Pro Hac Vice and represents the plaintiff, Vigilant Insurance Company a/s/o Eastward Vista, LLC, states the following:

1. On or about June 13, 2005, I sent a copy of an expert report prepared by Forensic Engineering (David Toler, P.E.) to Attorney Michael Farley, counsel for East Greenwich Oil Co., Inc. The Expert Disclosures were required by Court Order dated December 13, 2004, entered by the Honorable William E. Smith. (A copy of said Order is attached hereto).

2. Paragraph 2 of said Order, Expert Discovery Disclosures, required that plaintiff and defendant "... shall make its expert witness disclosures and reports, as required by Federal Rule of Civil Procedure 26(a)(2), by June 14, 2005. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.) All expert discovery will be closed by June 14, 2005."

3. On June 14, 2005, Michael Farley, Esquire telephoned affiant and requested that David Toler be presented for expert deposition.

4. This affiant inquired of Attorney Farley whether East Greenwich Oil intended to identify and provide Expert Disclosures in accordance with this Court's Scheduling Order to which Attorney Farley responded that East Greenwich was going to provide a "rebuttal" report after it took the deposition of David Toler.

5. This affiant then referred Attorney Farley to the Court's Scheduling Order requiring the identity of all experts as well as Expert Disclosures which were to be made on or before June 14, 2005.

6. Attorney Farley did not identify any such defense expert nor did he indicate that East Greenwich Oil would have Expert Disclosures served on counsel in accordance with the Court's Scheduling Order.

7. This affiant then stated to Attorney Farley that he would present David Toler to be deposed if East Greenwich Oil would confirm that East Greenwich Oil did not intend to identify any experts.

8. Attorney Farley was unwilling to make such an assurance and insisted that East Greenwich Oil was permitted to serve only a "rebuttal" expert report beyond the time set forth in the Court's Scheduling Order.

9. This affiant suggested to Attorney Farley that if he believed his position to be correct, he should bring this matter to the attention of the Court. As a result, the subject Motion has been filed.

It is hereby certified and affirmed that the above statements are true and correct to the best of my knowledge, information and belief.

Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

Dated: June 21, 2005

State of Pennsylvania
County of Philadelphia

On this the 21 day of June, 2005, before me, a Notary Public, in and for said State, personally appeared A. Richard Bailey, known or satisfactorily proven to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the foregoing instrument for the purposes therein contained.

Witness my hand and seal of office this 21 day of June, 2005.

Joanne S. Dillon
NOTARY PUBLIC

My Commission Expires: 8/28/07

NOTARIAL SEAL
JOANNE S DILLON
Notary Public
CITY OF PHILADELPHIA
PHILADELPHIA COUNTY
My Commission Expires Aug 28, 2007