UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY a/s/o Eastward Vista, LLC<br>Plaintiff,<br>vs.<br>EAST GREENWICH OIL CO., INC.<br>and<br>EASTERN SECURITY CORPORATION<br>Defendants. | : | CIVIL ACTION NO. CA04-439S |

**PLAINTIFF, VIGILANT INSURANCE COMPANY'S RESPONSE TO EAST GREENWICH OIL'S MOTION FOR PERMISSION TO USE A REBUTTAL EXPERT WITNESS**

Plaintiff, Vigilant Insurance Company, by and through its attorneys responds to Defendant, East Greenwich Oil Co., Inc.'s Motion for Permission to Use a Rebuttal Expert Witness, and on the basis of the facts and authorities set forth in the accompanying memorandum of law, respectfully requests this Honorable Court to deny Defendant's motion.

Respectfully submitted,
Vigilant Insurance Company
By its attorneys,

Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02003-2443
Tel: 401-274-7200
Fax: 401-751-0604

And

A. Richard Bailey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

**CERTIFICATION**

I hereby certify that a copy of the within Plaintiff, Vigilant Insurance Company's Response to East Greenwich Oil's Motion for Permission to Use a Rebuttal Expert Witness was mailed on this 28 day of June 2005 to:

Lauren Motola-Davis, Esquire
Michael Farley, Esquire
Morrison Mahoney LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

Todd D. White

Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02003-2443

*337439_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY a/s/o Eastward Vista, LLC<br>Plaintiff,<br>vs.<br>EAST GREENWICH OIL CO., INC.<br>and<br>EASTERN SECURITY CORPORATION<br>Defendants. | : | CIVIL ACTION NO. CA04-439S |

**PLAINTIFF, VIGILANT INSURANCE COMPANY'S MEMORANDUM OF LAW IN RESPONSE TO EAST GREENWICH OIL'S MOTION FOR PERMISSION TO USE A REBUTTAL EXPERT WITNESS**

In accordance with the Federal Rules of Civil Procedure, Plaintiff, Vigilant Insurance Company, hereby submits this Response in Opposition to Defendant East Greenwich Oil Co., Inc.'s Motion for Permission to Use a Rebuttal Expert Witness. For the reasons set forth below, Defendant's motion should be denied.

## I. Factual Background

Plaintiff, Vigilant Insurance Company, provided property insurance for a luxury home owned by Eastward Vista, LLC. This home, approximately 7,000 square feet in size, was located at 368 East Shore Road, Jamestown, Rhode Island, on the Narragansett Bay. The subject home was purchased in August 2003. Although the home was never occupied, it suffered major water damage in January 2004 requiring repairs costing in excess of 1.1 million dollars.

Shortly after the home was purchased, Jonathan Nelson and/or his administrative assistant, Stacy Tramonti, contacted East Greenwich Oil Company and requested that it continue to provide the same service and oil delivery program that had been previously provided to the

automatic delivery of fuel oil so that the three oil tanks (two in the main home and one in the garage/guest home) would be kept full of fuel to provide heat for the home at all times, especially during the winter months, to prevent freezing of the water pipes inside the property.

At some time prior to January 12, 2004, the heating system in the home ceased to operate resulting in a freeze up of all water lines. As a result of the subject freeze up, numerous pipes throughout the home burst, flooding the house with water and requiring extensive repairs. On October 12, 2004, Plaintiff filed the Complaint initiating the present action.

On December 13, 2004, the Court set forth deadlines for Expert Discovery Disclosures in its Pretrial Order. The order provides:

> Plaintiff shall make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by June 14, 2005. ***Defendant shall make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by June 14, 2005. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.) All expert discovery will be closed by June 14, 2005.***

See Exhibit A, Pretrial Order dated December 13, 2005 at ¶2, emphasis added.

On June 14, 2005, Plaintiff made its expert disclosures in accordance with the Court's scheduling order. Defendant, however, failed to meet its June 14, 2005 deadline. Although the Court has declared that any expert witness not disclosed by this deadline will not be allowed to testify, Defendant now seeks to circumvent its failure to comply with the Pretrial Order and now seeks permission to use a "rebuttal" witness.

**II. Argument**

Defendant East Greenwich Oil's motion should be denied because it failed to meet the deadlines set forth in the scheduling order. The Pretrial Order expressly states that all expert discovery was to be completed by June 14, 2005. The deadline has since passed, and now Defendant is attempting to make an end run around the Court's order by couching its primary

expert testimony as "rebuttal" expert testimony. Moreover, the 30-day deadline for rebuttal experts only applies where the District Court does not set forth deadlines for expert disclosures. Rule 26(a)(2)(C) provides:

> These disclosures ***shall*** be made at the times and in the sequence directed by the court. ***In the absence of other directions from the court or stipulation by the parties***, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial ***or***, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). The 30-day requirement in the above rule only applies "in the absence of other directions from the court or stipulation by the parties." Id., Eckelcamp v. Beste, 315 F.3d 863, 872 (8th Cir. 2002). Because Defendant failed to make its expert disclosures by June 14, 2005, in direct violation of the Pretrial Order, Defendant's motion should be denied.

Failure to make expert disclosures in accordance with Rule 26 precludes the testimony of the expert witness. See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Veneficiencia de Puerto Rico, 248 F.3d 29 (1st Cir. 2001). Such a sanction is "automatic and mandatory" unless the non-complying party can demonstrate that the failure was justified or harmless. Jacobsen v. Deseret Book Co., 287 F.3d 936, 952-53 (10th Cir. 2002), *cert. denied*, 537 U.S. 1066, 1235 S.Ct. 623, 154 L.Ed.2d 555 (2002). Therefore, Defendant's motion should be denied.

## III. Conclusion

For the forgoing reasons, Defendant East Greenwich Oil Co., Inc.'s Motion for Permission to Use a Rebuttal Expert Witness should be denied.

Respectfully submitted,
Vigilant Insurance Company
By its attorneys,

Todd D. White

Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02003-2443
Tel: 401-274-7200
Fax: 401-751-0604

And

A. Richard Bailey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

**CERTIFICATION**

I hereby certify that a copy of the within Plaintiff, Vigilant Insurance Company's Memorandum of Law in Response to East Greenwich Oil's Motion for Permission to Use a Rebuttal Expert Witness was mailed on this 28 day of June 2005 to:

Lauren Motola-Davis, Esquire
Michael Farley, Esquire
Morrison Mahoney LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02003-2443

*337437_1.doc*