UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VIGILANT INSURANCE COMPANY a/s/o
Eastward Vista, LLC

Plaintiff,

vs.

CIVIL ACTION NO. CA04- 439S

EAST GREENWICH OIL CO., INC.
and
EASTERN SECURITY CORPORATION

Defendants.

**PLAINTIFF, VIGILANT INSURANCE COMPANY'S REPLY TO EAST GREENWICH OIL'S APPEAL OF MAGISTRATE'S ORDER RE: MOTIONS CONCERNING EXPERT WITNESSES**

Plaintiff, Vigilant Insurance Company, by and through its attorneys, Todd D. White and A. Richard Bailey, replies to Defendant, East Greenwich Oil Co., Inc.'s Appeal of Magistrate's Order Re: Motions Concerning Expert Witnesses, and on the basis of the facts and authorities set forth in the accompanying memorandum of law, respectfully requests this Honorable Court to uphold the Magistrate's order.

Respectfully Submitted,
Vigilant Insurance Company

By Its Attorneys,
ADLER POLLOCK & SHEEHAN P.C.

*Todd D. White*

TODD D. WHITE, ESQUIRE (#5943)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-2443
Tel: 401-274-7200
Fax: 401–751-0604

Dated: 7/29/05

OF COUNSEL:
A. Richard Bailey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

*340370_1.doc*

# CERTIFICATION

I hereby certify that a copy of Plaintiff, Vigilant Insurance Company's Reply to

...'s Partial Appeal of Magistrate's Order Re: Motions

Lauren Motola-Davis, Esquire
Michael Farley, Esquire
Morrison Mahoney LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

*340371_1.doc*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VIGILANT INSURANCE COMPANY a/s/o
Eastward Vista, LLC

Plaintiff,

vs. CIVIL ACTION NO. CA04- 439S

EAST GREENWICH OIL CO., INC.
and
EASTERN SECURITY CORPORATION

Defendants.

**PLAINTIFF, VIGILANT INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO EAST GREENWICH OIL'S PARTIAL APPEAL OF MAGISTRATE'S ORDER RE: MOTIONS CONCERNING EXPERT WITNESSES**

In accordance with the Federal Rules of Civil Procedure, Plaintiff, Vigilant Insurance Company, hereby submits this memorandum of law in support of its reply to Defendant East Greenwich Oil Co., Inc.'s Partial Appeal of Magistrate's Order Re: Motions Concerning Expert Witnesses. For the reasons set forth below, the Magistrate's order should be affirmed.

## I. Factual Background

Plaintiff, Vigilant Insurance Company, provided property insurance for a luxury home that is located on the Narragansett Bay at 368 East Shore Road, Jamestown, Rhode Island. The home is owned by Eastward Vista, LLC. Shortly after the home was purchased in August 2003, Jonathan Nelson (the sole shareholder of Eastward Vista) and/or his administrative assistant, Stacy Tramonti, contacted East Greenwich Oil Company and requested that it continue to provide the same service and fuel oil delivery program that had been previously provided to the former owner of the home. East Greenwich agreed. That service provided, *inter alia*, the automatic delivery of fuel oil so that the three oil tanks (two in the main home and one in the

garage/guest home) would be kept full of fuel oil to provide heat for the home at all times, especially during the winter months, to prevent freezing of the water pipes inside the property.

At some time prior to January 12, 2004, the heating system in the home ceased to operate resulting in a freeze-up of all water lines. As a result of the subject freeze-up, numerous pipes throughout the home burst, flooding the house with water and requiring extensive repairs costing in excess of 1.1 million dollars.

## II. Procedural Background

On October 12, 2004, Plaintiff filed the Complaint initiating the present action. On December 13, 2004, the Court held a Rule 16 Scheduling Conference, at which all parties were represented by counsel. On that date, the parties to this lawsuit agreed to deadlines set forth in the Pretrial Order. The deadline of significance to East Greenwich's appeal is the June 14, 2005 deadline for Expert Discovery Disclosures. The order provides:

> Plaintiff shall make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by June 14, 2005. **Defendant shall make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26(a)(2), by June 14, 2005. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.) All expert discovery will be closed by June 14, 2005.**

See Pretrial Order dated December 13, 2005 at ¶2, emphasis added.

On June 14, 2005, Plaintiff made its expert disclosures in accordance with the Court's scheduling order. Defendant, however, failed to meet its June 14, 2005 deadline. Although the Pretrial Order mandated that any expert witness not disclosed by this deadline will not be allowed to testify, Defendant sought to circumvent its failure to comply with the Pretrial Order by requesting permission to use a "rebuttal" witness. Magistrate Judge David L. Martin denied East Greenwich's motion, which is the subject of this appeal.

**III. Standard of Review**

The district judge may review the timely appeal of a magistrate judge's ruling of a non-dispositive motion pursuant to Fed. R. Civ. P. 72(a), which provides:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. **The district judge to whom the case is assigned** shall consider such objections and **shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.**

Id., emphasis added. Therefore, on appeal, the District Court's review of a magistrate's order is governed by the deferential "clearly erroneous or contrary to law" standard. Id., see also 28 U.S.C. § 636(b)(1)(A).

The First Circuit has characterized a finding as "clearly erroneous" where the finding is "against the clear weight of the evidence, or when the court has 'a definite and firm conviction that a mistake has been committed.'" Blinzler v. Marriott International, Inc., 857 F.Supp. 1, 3 (D.R.I. 1994), quoting Holmes v. Bateson, 583 F.2d 542, 552 (1st Cir. 1978). Further, a court's choice of one of two possible interpretations of the evidence is not clearly erroneous. Id., citing United states v. Cruz Jimenez, 894 F.2d 1, 7 (1st Cir. 1990). A district court's review of a magistrate's decision requires only a review of the record for "adequate support" for the magistrate judge's finding. Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F.Supp. 740, 749, 1996 U.S. Dist. LEXIS 14413 at *29 (D.R.I. 1996).

## IV. Argument

Magistrate Judge Martin's July 12, 2005 order enforcing the deadlines set forth in the Pretrial Order should be upheld because the decision is neither "clearly erroneous" nor "contrary 26(a)(2)(C). Moreover, East Greenwich, as the party challenging the Magistrate's actions, has the burden to demonstrate that the decision is clearly erroneous. See Johnston v. Dillard Dep't Stores, 152 F.R.D. 89 (E.D.La. 1993).

The Magistrate's findings are not clearly erroneous. In the order, Magistrate Judge Martin found that the Pretrial Order entered on December 15, 2004 expressly states that all expert disclosures and reports was to be completed by June 14, 2005. See Magistrate Judge Martin's Order Re Motions Concerning Expert Witnesses at p.1. Further, the Magistrate found that Plaintiff complied with the Pretrial deadlines and Defendant East Greenwich did not. Id. at p.3. Therefore, the July 12, 2005 order is not clearly erroneous and should be upheld.

Furthermore, the order is not contrary to law. East Greenwich has attempted to make an end run around the Court's Pretrial Order by couching its primary expert testimony as "rebuttal." East Greenwich continues to rely upon the rebuttal expert provision set forth in Rule 26(a)(2)(C). Magistrate Judge Martin correctly decided that this provision is not applicable because the default deadline for rebuttal experts only applies where the District Court does not set forth deadlines for expert disclosures. See Magistrate's Order at p. 2. Rule 26(a)(2)(C) provides:

> These disclosures ***shall*** be made at the times and in the sequence directed by the court. ***In the absence of other directions from the court or stipulation by the parties***, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial ***or***, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). The 30-day requirement in the above rule only applies "in the absence of other directions from the court or stipulation by the parties." Id., Eckelcamp v. Beste, 315 F.3d 863, 872 (8th Cir. 2002). Magistrate Judge Martin found that the Court directed the parties to make their disclosures by June 14, 2005. As such, East Greenwich's reliance upon the rebuttal expert provision is misguided. If East Greenwich's interpretation of the Rule 26(a)(2)(C) were adopted, every defendant could assert that its one and only expert report is a "rebuttal" expert report, which would render expert disclosure deadlines meaningless. Therefore, East Greenwich's motion was properly denied and not contrary to law.

In a similar factual scenario, a district court refused to modify or set aside a magistrate's order excluding the defendant's rebuttal expert witness. See Proffit v. Veneman, 2002 WL 1758232 at *3, 2002 U.S. Dist. LEXIS 13892 (W.D.Va. 2002). In Proffit, the defendant failed to make expert disclosures within the deadlines set forth in the scheduling order. Id. The magistrate judge denied the defendant's motion to extend the discovery deadlines and excluded the defendant's rebuttal expert. On appeal, under the clearly erroneous and contrary to law standard, the district court held that it was "unable to see how the Magistrate Judge's exercise of such broad discretion in enforcing the discovery rules can be characterized as clearly erroneous or contrary to law. This is especially true where, as here, the Magistrate was simply enforcing discovery deadlines set by joint motion of the parties." Id. at *8. Here, a review the Magistrate's order compels a result identical to Proffit. The July 12, 2005 order merely enforces the discovery deadlines to which all parties agreed. As such, there is no credible way to characterize the Magistrate Martin's order as clearly erroneous or contrary to law. Therefore, the order should be affirmed.

## III. Conclusion

For the forgoing reasons, Magistrate Judge Martin's order should be affirmed as it is neither clearly erroneous nor contrary to law.

Respectfully Submitted,
Vigilant Insurance Company

By Its Attorneys,
ADLER POLLOCK & SHEEHAN P.C.

By: Todd D. White

TODD D. WHITE, ESQUIRE (#5943)
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-2443
Tel: 401-274-7200
Fax: 401-751-0604

Dated: 7/29/05

OF COUNSEL:
A. Richard Bailey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

*340369_1.doc*

**CERTIFICATION**

I hereby certify that a copy of Plaintiff, Vigilant Insurance Company's Memorandum of Law in Support of its Reply to Defendant East Greenwich Oil Co., Inc.'s Partial Appeal of Magistrate's Order Re: Motions Concerning Expert Witnesses was mailed on this 29 day of July 2005 to:

Lauren Motola-Davis, Esquire
Michael Farley, Esquire
Morrison Mahoney LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

Todd D. White
Todd D. White, Esquire (#5943)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443