**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

## DEFENDANT EAST GREENWICH OIL'S MOTION TO EXCLUDE TESTIMONY ON DAMAGES

Now comes the defendant, East Greenwich Oil and objects to the introduction of any damages testimony as the plaintiff has failed to documents its damages with particularity in every meaningful respect.

Specifically, the defendant moves to exclude any expert damages testimony as the plaintiff did not disclose an expert on damages. The defendant further objects to the introduction of lay testimony on the issue of damages as any testimony on the issue of property value and/or cost to repair is based upon scientific, technical, or other specialized knowledge.

The defendant further moves that the testimony be excluded pursuant to Fed. R. Civ. Proc. 37(d) as the evidence was not produced in response to defendant's discovery requests.

Finally, the defendant also moves that the few pages of estimates be excluded as being too speculative for admissibility.

In support of this motion, the defendant offers the attached memorandum of law.

I hereby certify that a true copy of the above [illegible] upon (each party [illegible] attorney of reco[illegible] mail (by han[illegible]

EAST GREENWICH OIL CO., INC.
By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660

575945v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

**DEFENDANT EAST GREENWICH OIL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY ON DAMAGES**

## I. BACKGROUND

Plaintiff filed the instant suit to recover insurance monies paid out to Eastward Vista for frozen-pipe-related water damage to a large home in Jamestown, RI. The parties agree that the home froze when air was introduced into the oil burner through one of two fuel lines. The parties disagree as to whether the home actually ran out of oil. In any event, the plaintiff blamed two parties for the loss.

First, plaintiff blamed Eastern Security for failing to install a low temperature alarm at the property. The parties agree that a properly functioning low temp alarm system would have prevented the loss. Eastern Security acknowledged that they did not install the low temp alarm, and paid $675,000 to secure a release from the plaintiff.

Second, plaintiff blamed East Greenwich for allowing the oil tanks to run out of oil. East Greenwich denies that the tanks ran out of oil, and specifically states that the home had approximately 138 gallons in one of the two oil tanks at the time of the loss.

## II. PROCEDURAL POSTURE

On February 4, 2005, East Greenwich Oil served a set of interrogatories on the plaintiff's counsel. The interrogatories sought, *inter alia*:

> 29. [The identity of] every person whom you expect to call as an expert witness at trial.

Plaintiff never answered, nor objected to those interrogatories.[1]

On February 4, 2005, East Greenwich Oil served a request for production of documents on the plaintiff's counsel. The document request sought, *inter alia*:

> 5. Any and all cost estimates, invoices, contracts, work orders, change of work orders, scope of work [and] building permits related to the subject premises.

Plaintiff never responded, nor objected to that request.

Fact discovery closed on June 14, 2005. Expert discovery also closed on June 14, 2005.

## III. STATEMENT OF LAW

The Federal Rules of Evidence do not permit lay witnesses to testify in areas which are based upon scientific, technical or specialized knowledge. Fed. R. Evid. 701.

In Rhode Island, the measure of damages for repairable property damage is the cost of repair. Tortolano v. DiFilippo, 115 RI 496, 503 (1975)(citing Restatement, *Torts* §929 (1939)(comment b)). This rule was followed in Norden v. United States, 187 F.Supp. 594, 595-6 (D.R.I. 1960).

In Rhode Island, it is only proper "to base [] an award on an estimated cost of repair ***if*** such opinion is expressed by a **qualified expert**." Tortolano v. DiFilippo, 115 RI 496, 503 (1975). See also Alterio v. Biltmore Construction Corp., 119 R.I. 307 (1977).

[1] In a separate Rule 26 disclosure, plaintiff disclosed a single expert, Mr. David Toler, in accordance with the pre-trial order. Mr. Toler was not disclosed as a damages expert. Rather, Toler has expressed a speculative opinion as to the quantum of oil contained in the oil tanks at the time of the loss.

## IV. ANALYSIS

Plaintiff's damages evidence must be excluded for several reasons.

### A. The plaintiff never disclosed an expert on damages.

With respect to federal law, the plaintiff cannot offer expert evidence as to the value of the repairs, or as to diminution of value,[2] because he has not disclosed an expert on either issue. The time for expert disclosure has long expired.[3] Where a damages expert is not disclosed, there can be no testimony on that issue. Indigo v. Londonderry, 56 F.R.S. 3d 798 (2003).

Because the plaintiff has no damages expert, there should be no testimony on damages. For this reason, we respectfully ask this court to preclude the plaintiff from offering any expert opinion on damages.

### B. Damages testimony requires an expert.

The plaintiff cannot substitute lay testimony for that of an expert.

The Federal Rules of Evidence expressly prohibit lay testimony which "is based on scientific, technical or other specialized knowledge with the scope of Rule 702." Fed. R. Ev. 701.

Issues of mold remediation and home construction engineering are certain to involve this type of knowledge.

---

[2] In cases where the "cost to repair" is unreasonably high or where the damages are permanent in nature and not susceptible to repair, courts may award "diminution of value" damages. See Tortolano v. DiFilippo, 115 RI 496, 503 (1975).

[3] Plaintiff has disclosed a single expert, Mr. David Toler, in accordance with the pre-trial order. Mr. Toler was not disclosed as a damages expert.

Moreever, Rhode Island courts have consistently held that only a qualified expert may testify as to the "cost of repair."

In Tortolano v. DiFillippo, 115 R.I. 496 (1975), the Rhode Island Supreme Court affirmed a trial court's award of damages based upon plaintiff's expert's testimony. The plaintiff landowners alleged that the fill the neighbors placed on their property changed the natural flow of surface waters and caused loose fill, muck, and stones to flow onto their land and broke the small retaining wall which the plaintiff-landowners placed on their own land. The trial court granted, inter alia, an award of $4,675 in damages (plus interest) based upon the cost to repair the damage.

In affirming the trial court's ruling, the Rhode Island Supreme Court wrote:

> [I]t is proper to base such an award on an estimated cost of repair if such opinion is expressed by a qualified expert. 22 Am. Jur.2d, *Damages* § 335 (1965). In the case at bar, such testimony was presented by plaintiffs' expert, Arnaldo Abatecola, who testified that he had viewed the damage and given a written estimate of $ 4,675 on October 27, 1972.

See Tortolano at 503.

**C. The plaintiff did not respond to defendant's interrogatories.**

The court should not permit plaintiff to offer evidence which was concealed by plaintiff's failure to answer interrogatories.

The defendant served interrogatories on February 4, 2005, which included, *inter alia*, a request for expert information (including damages experts) and a summary of the facts forming the basis for that opinion. The interrogatories also sought information regarding the persons responsible for management at the property.

The plaintiff never objected, nor provided a response to those interrogatories. Despite defendant's good faith efforts to obtain those materials including telephone calls and face-to-face

conversations with plaintiff's counsel, material which might support plaintiff's claim for damages was never shared with counsel for the defense.[4]

If a party files no response to an interrogatory, the court may impose sanctions, such as deeming certain facts established or refusing to allow the party to oppose or support certain claims. See Fed. R. Civ. Proc. 37 (d)(2).

Rule 37(**d**)(2) states:

> If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this rule. . . .

Fed. R. Civ. Proc. 37(d)(2).

Rule 37(b)(2)(A-C) states:

> . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) **An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.**

[4] The defendant did not file a motion to compel, as one is not necessary for a Rule 37(**d**) motion, where the opposing party completely ignored the discovery request. See Author's Commentary to Rule 37 ("In general, obtaining sanctions is a two-step process in which a party must first obtain an order compelling discovery under Rule 37(a), then move for sanctions under Rule 37(b) for failure to comply with the order. If, however, the responding party **totally fails to respond to an entire discovery request** [as discussed in 37(d)], the sanctions may be available **immediately**.") (emphasis added). Cf. In re: Williams, 156 F.3d 86, 89 n.1 (1st Cir. 1998), cert denied, 525 U.S. 1123 (1999) (Sanctions under Rule 37(**b**) require a prior discovery order).

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . .

Fed. R. Civ. Proc. 37(b)(2)(A-C) (emphasis added).

In this case, where the plaintiff ignored the interrogatory, plaintiff should not be permitted to introduce such matters into evidence. For this reason, we ask the court to exclude any testimony on damages.

**D. The plaintiff did not respond to defendant's request for production of documents.**

The court should not permit plaintiff to offer evidence which was concealed by plaintiff's failure to respond to defendant's request for production under Rule 34.

The defendant also served a request for production of documents on February 4, 2005. The request sought, *inter alia*, expert information, service contracts, cost estimates, invoices, work orders, etc. related to the repair of the property. The plaintiff never responded to that request, and accordingly, material which might support plaintiff's claim for damages was never shared with counsel for the defense.

If a party files no response to a request for production of documents, the court may impose sanctions, including refusing to allow the party to oppose or support certain claims. See Fed. R. Civ. Proc. 37(d)(3).

Rule 37(**d**)(3) states:

> If a party . . . fails . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2)[5] of this rule. . . .

Fed. R. Civ. Proc. 37(d)(3).

---

[5] See §(b) *supra*.

As referenced in Rule 37(d), Rule 34(b)(2)(B) specifically provides a mechanism for this court to make an order refusing to allow the plaintiff to supporting certain claims.

The plaintiff in this case refused to respond to both a Request for Production of Documents AND a set of Interrogatories. This refusal unfairly denied the defendant an opportunity to scrutinize the damages claim. Accordingly, this court is justified in refusing to allow the plaintiff from offering any damages evidence.

**E. The anticipated damages testimony is too speculative.**

The plaintiff, in its initial disclosures, produced only three documents concerning damages:

1) a highly detailed, 18-page subcontractor bill for remediation work performed by Paradise Restoration dated February 6, 2004. (reduced and attached as Exhibit A).

2) a moderately detailed, 21-page "demolition bill" outlining the work performed by Davitt Design/Build up to the bill date of March 1, 2004 (reduced and attached as Exhibit B)

3) a summary 4-page "recap by room" document which assigns a value for repairs to certain rooms. This estimate contains no detail at all, and is dated April 26, 2004. (reduced and attached as Exhibit C).

It is the latter document from which the plaintiff derives its staggering damages figure of $1.2 million. In any event, these documents are far too cursory to support any award of damages, as discussed below:

In Rhode Island, the measure of damages for repairable property damage is the cost of repair. Tortolano v. DiFilippo, 115 RI 496, 503 (1975)(citing Restatement, *Torts* §929 (1939)(comment b)). This rule was followed in Norden v. United States, 187 F.Supp. 594, 595-6 (D.R.I. 1960).

In Rhode Island, it is only proper "to base [] an award on an estimated cost of repair ***if*** such opinion is expressed by a **qualified expert**." Tortolano v. DiFilippo, 115 RI 496, 503 (1975). See also Alterio v. Biltmore Construction Corp., 119 R.I. 307 (1977).

In Alterio, a trial court considered a construction dispute between a homeowner and a construction company. After hearing testimony about the alleged construction deficits, the court heard expert testimony from both parties on damages.

In Alterio, the plaintiff's expert submitted an estimate of repairs in the amount of $ 3,889.88. The expert was unable to specify the cost of the labor and materials for each suggested repair, but he testified, over objection, that his estimate of $3,889.88 consisted of $ 3,075 for labor and materials, $ 461.25 for overhead (15 percent), and $ 353.63 for profit (10 percent). When questioned at trial, he was only able to specify figures totaling approximately $ 900 for labor and materials. See Alterio at 310.

In Alterio, the defendants' expert witness, testified that he had recently examined plaintiffs' residence and had observed certain defects. He testified as to the cost at the present time for repairing each defect, and the prices he quoted totaled approximately $ 515. See Alterio at 310.

After considering the evidence, the Alterio trial court rejected the testimony of defendant's expert and awarded damages in the amount of $3,889.88. See Alterio at 311.

On appeal, the Rhode Island Supreme Court rejected the trial court's analysis and noted:

> It is settled law that a bill for repairs unsupported by testimony cannot prove itself and is therefore inadmissible to prove the existence of the alleged defects or the cost of repairing them. Krasnoff v. Flynn, 97 R.I. 129, 131, 196 A.2d 158, 160 (1963); Rossilli v. Iacovelli, 88 R.I. 456, 149 A.2d 709 (1959); Nock v. Lloyd, 32 R.I. 313, 79 A. 832 (1911). However, where an expert witness testifies as to the necessity for the repairs and the reasonableness of their cost, such evidence has been held to be

> admissible. Krasnoff v. Flynn, *supra*. In that case, the expert witness, in the course of his testimony "identified a repair bill on which were *itemized in detail the repairs to plaintiff's car and the cost of each item*," and this court held that under the circumstances the bill was admissible. *Id.* at 131, 196 A.2d at 159-60

See Alterio, at 311 (emphasis in quoted document).

The Alterio court described the specific problems with the plaintiff's expert's estimate as follows:

> In the instant case, there was no dispute over the existence of the defects and the necessity of the repairs. The disagreement was over the cost of correcting the defects. The estimate at issue consisted of a listing of defects and a total figure of $ 3,889.88 as the cost of correction, with *no itemization of the cost of repairing each defect*.

See Alterio at 312.

The Alterio court also found that the plaintiff's expert's testimony was inadequate as expert testimony:

> In essence, [plaintiff's expert's] estimate constituted an expert's opinion as to the total cost of correcting the defects. The issue before us is whether this opinion, unsupported by testimony as to the facts on which it was based, was competent evidence of damages, and, thus, whether it was admissible.
>
> Unquestionably, an expert's opinion must be predicated upon facts legally sufficient to form a basis for his conclusion. Nasco, Inc. v. Director of Pub. Works, 116 R.I. 712, 360 A.2d 871 (1976); Dickinson-Tidewater, Inc. v. Supervisor of Assessments, 273 Md. 245, 329 A.2d 18 (1974). It follows that the facts upon which the opinion of the expert is based must be stated; otherwise, "it becomes impossible to ascertain whether the conclusion drawn from them possesses sufficient probative force; or is not mere conjecture or speculation * * * ." Dickinson-Tidewater, Inc. v. Supervisor of Assessments, *supra* at 253, 329 A.2d at 23-24. *See also* Uhlik v. Kopec, 20 Md. App. 216, 314 A.2d 732 (1974).
>
> In Nasco, Inc. v. Director of Pub. Works, *supra*, this court held that the trial justice erred in accepting the estimate of plaintiff's expert as to the value of buildings in a condemnation proceeding because the expert's conclusions lacked the requisite factual basis to support them. In that case it was not clear what buildings he

> included in his estimate of total square footage. Moreover, when asked on cross-examination how he arrived at the figure he used for the value of the floor space, he conceded that his conclusion might be based upon his "experience." The court, relying on prior cases holding that an expert's opinion based solely on experience without detailing any specific reasons or factors was entitled to no weight, concluded that "[an] expert may not give an opinion without describing the foundation on which his opinion rests." *Id.* at 721, 360 A.2d at 876.

Alterio, at 313. See also, Fusaro v. Naccarato, 103 R.I. 324, 325, 237 A.2d 545, 546 (1968), Ferris v. Mann, 99 R.I. 630, 634, 210 A.2d 121, 123 (1965), L'Etoile v. Director of Pub. Works, 89 R.I. 394, 153 A.2d 173 (1959), McGovern v. Michael, 62 R.I. 485, 6 A.2d 709 (1939).

For the foregoing reason, we respectfully request that the court exclude plaintiff's documentary evidence of damages (Exhibits A, B and C) as too speculative.

## V. CONCLUSION

For the foregoing reason, we respectfully ask this court for the following:

1) an order prohibiting the plaintiff from offering an expert on the issue of damages;

2) an order prohibiting the plaintiff from offering any lay testimony on damages;

3) an order prohibiting the plaintiff from offering any evidence on damages as a sanction for refusing to answer discovery pursuant to Rule 37(d);

4) an order granting any other relief authorized by Fed. R. Civ. Proc. 37(d);

5) an order prohibiting the plaintiff from offering any version of the Paradise Cleaning Service bill (exhibit A) into evidence;

6) an order prohibiting the plaintiff from offering any version of the March 1, 2004 Davitt Demolition bill (exhibit B) into evidence;

7) an order prohibiting the plaintiff from offering any version of the April 26, 2004 Recap-by-Room estimate (exhibit A) into evidence; and

8) any other relief deemed appropriate by this honorable court.

Respectfully Submitted,
EAST GREENWICH OIL CO., INC.
By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on ____________.