UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VIGILANT INSURANCE COMPANY a/s/o
Eastward Vista, LLC

Plaintiff,

vs.

EAST GREENWICH OIL CO., INC.
and
EASTERN SECURITY CORPORATION

Defendants.

CIVIL ACTION NO. CA04- 439S

**PLAINTIFF'S RESPONSE TO DEFENDANT, EAST GREENWICH OIL'S MOTION TO EXCLUDE TESTIMONY ON DAMAGES**

Plaintiff, Vigilant Insurance Company, a/s/o Eastward Vista, LLC, by and through counsel responds to Defendant, East Greenwich Oil's Motion to Exclude Testimony on Damages as follows:

## I. PROCEDURAL HISTORY

The above litigation arises out of a water loss that occurred at a private home owned by Eastward Vista, LLC (Jonathan Nelson) located at 368 East Shore Road in Jamestown, Rhode Island. The loss was discovered on January 12, 2004.

Plaintiff filed its original Complaint initially naming Eastern Security Corporation and East Greenwich Oil Company alleging that either or both were legally responsible for the damages that occurred. By Order dated October 25, 2005 Eastern Security Corporation was dismissed as a party defendant based upon its settlement with Plaintiff.

By Order dated December 13, 2004, the Honorable William E. Smith ordered that all fact discovery be completed on or before June 14, 2005 and that all expert discovery disclosures be made by all parties on or before June 14, 2005. The December 13, 2004 Order also required that all dispositive motions were to be filed on or before June 28, 2005. The Court also ordered, at paragraph 7, the following:

> "Except as provided above with respect to Motions in Limine, after ten (10) days from the close of discovery (June 14, 2005) <u>no motions shall be filed except by leave of Court</u> (emphasis supplied).

Currently this matter is scheduled for a Calendar Call on December 20, 2005. Jury empanelment will follow on January 4, 2006. The parties are instructed that they are on 24 hour notice to commence trial testimony.

Defendant's motion lacks the following:

1. East Greenwich Oil did <u>not</u> obtain leave of Court to file said Motion;
2. A Certification of Service;
3. A Certification that the Movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. (Federal Rule of Civil Procedure 37(a)(1)(2)(A).

## II. ASSERTIONS BY EAST GREENWICH OIL

East Greenwich Oil states that it filed Interrogatories and Request for Production of Documents requesting, *inter alia*, the following:

> Any and all cost estimates, invoices, contracts, work orders, change of work orders, scope of work [and] building permits related to the subject premises.

East Greenwich further states that "plaintiff never responded nor objected to that request."

On December 9, 2004, Stephen J. DeLuca, Esquire of Morrison Mahoney, then counsel representing East Greenwich Oil Company, received by Hand Delivery, plaintiff's Voluntary Disclosures pursuant to Rule 26. (See Exhibit A attached hereto). Additionally, on December 8, 2004, Voluntary Disclosures consisting of 570 pages (bates stamped Nelson 0001 – 0570) were sent by Federal Express to Attorney DeLuca. (See Exhibit B, the said transmittal letter of A. Richard Bailey). These documents included, *inter alia*, all documents requested in East Greenwich Oil's Request for Production of Documents set forth above.

Rule 26(a)(1)(B) sets forth the requirement that each party, without awaiting a discovery request, provide ". . . all documents . . . that are in the possession, custody or control of the party and that the disclosing party may use to support its claims . . ." are to be produced. Subparagraph (C) also requires the production of those documents providing ". . . a computation of any category of damages claimed by the disclosing party . . . including materials bearing on the nature and extent of injuries suffered; . . ."

Defendant, East Greenwich Oil has had in its possession all of the supporting documents plaintiff intends to use at trial since December 2004. East Greenwich Oil also had the opportunity to depose, if it wished to do so, those individuals who were identified as the author of those documents. Additionally, as per Rule 26, plaintiff identified not only Jonathan Nelson, the sole shareholder of Eastward Vista, LLC, but also Jim Tagliente, the Property General Adjuster for Vigilant Insurance Company (a subsidiary of Chubb Group of Insurance) as well as Peter Byrne, Project Engineer of CCA, LLC, Tom Brown, Project Manager of CCA, LLC (general contractors hired by Vigilant to estimate the cost of repairs to Mr. Nelson's home), and Matt Davitt of Davitt Design and Build, the contractors hired by Mr. Nelson that provided repair estimates for the subject property (as well as Jeff Nigrelli of Davitt Design, who was identified in the documents produced as well as identified by Matt Davitt during his deposition).

East Greenwich states that plaintiff "... refused to respond to both a Request for Production of Documents and a set of Interrogatories" (page 7 of East Greenwich's Memorandum of Law). This is not only factually incorrect, it just is not true. East Greenwich also states at page 6 of its motion that "The court should not permit plaintiff to offer evidence which was concealed by plaintiff's failure to respond to defendant's Request for Production under Rule 34". (emphasis supplied).

Not only were plaintiff's damage documents not concealed, they were the first documents supplied to East Greenwich Oil, even prior to the Rule 16 Conference that was held on December 14, 2004.

Exactly what did plaintiff supply in support of its claim for damages? It supplied an 18 page, highly detailed invoice for work that had already been completed (demolition work) by Davitt Design & Build (See Nelson documents 0152-0170). As of March 3, 2004, the cost of demolition was $74,814.60.

As the Court may be aware, the damages caused by the subject water loss involved the cost to repair the interior of the plaintiff's home. As is the custom, there was a mild disagreement as to the scope and cost of these repairs and as a result, Vigilant Insurance Company hired an independent general contractor, CCA, LLC, and its Project Manager, Thomas Brown as well as its Project Engineer, Peter Byrne (both men having been identified in plaintiff's Automatic Disclosures pursuant to Rule 26).

Likewise, Jonathan Nelson, on behalf of Eastward Vista, retained Matt Davitt and Jeff Nigrelli of Davitt Design & Build to prepare a highly detailed estimate of repair (identified as Bates 0171-0236) (Mr. Nigrelli was more specifically identified by Matt Davitt in Mr. Davitt's deposition that was taken on April 5, 2005).

The estimated cost of repair as per the CCA, LLC was $1,128,139. The total cost of repairs as per the Davitt Design & Build estimate was $1,169,796.95. After some negotiations, the matter was resolved between Vigilant Insurance Company and Eastward Vista, LLC for $1,139,943 as per the Sworn Statement and Proof of Loss (Bates Document 0240).

As the Court is aware, Federal Rule of Civil Procedure 26 (a)(1) is the functional equivalent of Court-ordered Interrogatories and requires early disclosure, without the need for any requests, of four types of information that customarily has been secured through formal discovery. Rule 26 requires an identification of witnesses, documents and tangible things, damage documents and insurance (normally the defendant must produce a copy of the insurance policy providing certification of appropriate liability coverage). Plaintiff fully complied with this Rule and as a result, there was no need or requirement to formally respond to East Greenwich's Interrogatories and/or Request for Documents. Rule 37 also anticipates that if the party is not satisfied with those documents produced pursuant to Rule 26, it certainly can move to compel the production of more detailed or other documents which it deems relevant. Here, East Greenwich did nothing for over one year. Additionally, East Greenwich never made mention of its alleged failure to have appropriate damage documentation at the two Settlement Conferences held before Magistrate Judge Lovegreen not did East Greenwich ever make mention of plaintiff's alleged failure to provide appropriate damage documentation at any of the conferences which has occurred in this case. As the Court knows, this matter was scheduled to commence trial in August 2005 but was continued because of plaintiff's counsel's previously scheduled trials in the District Courts of New York (Southern Division) and the District of Massachusetts (Boston).

It also is interesting to note that East Greenwich moves for the preclusion of all evidence related to damages and if such a motion would be granted, this would in effect be a dispositive motion. All dispositive motions, as per the Order of December 13, 2004, were to have been filed on or before June 28, 2005.

## III. THE EXPERTS IDENTIFIED BY PLAINTIFF ARE NON-RETAINED TESTIFYING EXPERTS.

Plaintiff has identified non-retained, testifying experts who are not required to submit written expert reports pursuant to Rule 26(a)(2)(B).

A non-retained testifying expert is a testifying expert who is not retained or specially employed to provide testimony and who usually has firsthand factual knowledge about the case (See 1970 notes to Federal Rule of Civil Procedure 26, paragraph 33, page 1105). These experts are often considered "actors" or "viewers" or lay experts under Federal Rule of Evidence 701. See, Deluth Lighthouse for the Blind v. C. G. Bretting Manufacturing Co., 199 F.R.D. 320, 324 (District of Minnesota 2000). Non-retained experts are not required to submit an expert report or make other expert disclosures pursuant to Federal Rule of Procedure 26(a)(2)(B). Rollins v. Barlow, 88 F.Supp. 2d 660, 661 (S.D. W. Va. 2002).

Plaintiff intends to call five witnesses relative to the issue of damages. In addition to Mr. Nelson, plaintiff will call James Tagliente, a general adjuster for the Chubb Group of Insurance Companies. Vigilant Insurance Company is a member company of the Chubb Group. Mr. Tagliente has been a general adjuster for over 20 years and has specialized knowledge as to the reasonable cost of repairs to homes such as the one involved in the subject litigation. Additionally, Mr. Tagliente was the individual on behalf of the plaintiff that approved the payment that was made to plaintiff's insured, Jonathan Nelson. As such, he relied upon the estimates of Peter Byrne and Thomas Brown, Project Engineer and Project Manager for CCA,

LLC, a well recognized general contracting firm. Additionally, Mr. Tagliente evaluated and relied upon the estimates supplied by Matt Davitt and Jeff Nigrelli, of Davitt Design & Build.

Plaintiff will also call Peter Byrne and Thomas Brown of CCA, LLC relative to their on-site inspection, evaluation and estimate for the cost to repair the Nelson home located at 368 East Shore Road in Jamestown, Rhode Island. Each of these individuals have the requisite background, experience and knowledge which permits them to express their opinion as to the reasonable cost of repairs. Additionally, Jeff Nigrelli, of Davitt Design & Build, has had many years of on the job experience not only estimating the cost of repairs such as what is involved in this loss but actually performing general contracting work such as was involved in the repair of the subject home. If East Greenwich Oil wishes to challenge the testimony of Mr. Tagliente, Brown, Byrne, Davitt or Nigrelli, as to the cost of demolition, repair and/or restoration of the subject home, it may cross examine them on the witness stand. Each will explain the basis for their respective cost analysis. In Full Faith Church v. Hoover Treated Wood Products, 2002 U.S. Dist. Lexis 25449 (District of Kansas 2003), the Court determined that two general contractors who performed work for the plaintiff had not been retained to provide expert testimony, and therefore were not subject to the disclosure requirements of Rule 26(a)(2)(A). The witnesses intended to testify regarding facts learned during the course of their work as general contractors, including repairs and reconstruction of the Full Faith Church, the necessity of such repairs and the reasonableness of the cost related to the repairs.

Mr. Brown, Byrne, Davitt and Nigrelli were not retained as experts to testify on behalf of the plaintiff. They were retained to perform work for both Jonathan Nelson and for Vigilant after the loss, and will testify regarding the facts each learned during the course of their respective inspection, demolition and estimate for cost of repairs, the scope of the work and the

necessity of the work. Plaintiff has long ago disclosed the identify of these witnesses and is under no further disclosure obligation.

## IV. THE DRASTIC SANCTION OF PRECLUSION IS NOT WARRANTED IN THIS CASE.

East Greenwich Oil requests the drastic sanction of precluding Mr. Brown, Mr. Byrne, Mr. Davitt, Mr. Nigrelli and Mr. Tagliente from testifying on behalf of the plaintiff. East Greenwich contends that plaintiff violated Rule 26 in not producing formal expert reports and Rule 37 in not responding to specific Interrogatories and Request for Production of Documents.

No sanction is appropriate in this case because on December 8, 2004 plaintiff produced voluminous and detailed documents in support of plaintiff's claims pursuant to Rule 26. These documents specifically disclosed Mr. Tagliente, Mr. Brown, Mr. Byrne as well as Davitt Design & Build (Jeff Nigrelli). East Greenwich received this information almost one year ago. Plaintiff was under no obligation to provide additional information or documentation and East Greenwich certainly had the opportunity to depose these individuals. (Plaintiff did in fact participate in the deposition of Matt Davitt, the principal of Davitt Design & Build for whom Jeff Nigrelli was employed).

Finally, forbidding a party to call a witness is a drastic sanction that should be imposed only if it is apparent that the violation has or will result in prejudice to the party asserting the violation. It is certainly within the sound discretion of This Court to admit these non-retained, testifying experts to render opinion testimony. The preclusion of Mr. Tagliente, Mr. Brown, Mr. Byrne, Mr. Davitt and Mr. Nigrelli is unwarranted. Plaintiff therefore respectfully request this Court deny the Motion to Exclude Testimony of these witnesses relative to damages.

Because this matter is scheduled for the Calendar Call on December 20, 2005, and because Attorney Richard Bailey will travel from Philadelphia to attend this call, Plaintiff

respectfully requests consideration for scheduling any hearing on Defendant's Motion and Plaintiff's Response to take place on December 20, 2005.

Respectfully Submitted,
Vigilant Insurance Company

By Its Attorneys,

TODD D. WHITE, ESQUIRE #5943
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza – 8th Floor
Providence, Rhode Island 02903-2443
401-274-7200

Dated: 12/12/05

OF COUNSEL:
A. Richard Bailey
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2040

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was mailed on this 12 day of December, 2005 to:

Michael Farley, Esquire
Morrison Mahoney LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

*phila1-2392461-v2-plaintiff's response to motion to exclude testimony on damages.doc*