**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

**DEFENDANT EAST GREENWICH OIL'S SUPPLEMENTAL MEMORANDUM ON ITS MOTION TO EXCLUDE TESTIMONY ON DAMAGES**

Now comes the defendant, East Greenwich Oil and, pursuant to oral permission granted by the court at the hearing on December 22, 2005, offers the following supplement to East Greenwich Oil's Motion to Exclude Testimony on Damages on the basis of Rule 37(c, d).

We have now reviewed the plaintiff's Rule 26(a)(1) initial disclosure. They are not a substitute for a Rule 26(a)(2) disclosure. They do not designate the five experts presently identified by plaintiff as experts. Moreover, they are not a substitute for answers to Rule 33 Interrogatories, as they do not answer the interrogatories. Moreover, they are not a substitute for a response to Rule 34 Request for Production of Documents, as they do not respond to the requests for production. Accordingly, this court cannot find that as a matter of law, the plaintiff was substantially justified in ignoring those three (3) separate duties.

The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless the non-disclosure was justified or harmless. Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)(citing Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) ("The new rule [37(c)] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is **mandatory preclusion**.") (emphasis added)). According to the First Circuit:

> This is a "self-executing sanction for failure to make a disclosure required by **Rule** 26(a), without need for a motion under subdivision [37](a)(2)(A)."

Ortiz-Lopez, at 33 (quoting Fed. R. Civ. P. 37, advisory committee notes).

As this court is aware, it is the *plaintiff's* burden to demonstrate "substantial justification" or "harmless error" to avoid the exclusion. The plaintiff did not remotely meet this burden at the hearing on this motion. Subsequent to the hearing, the plaintiff has offered the court a collection of rule 26(a)(1) documents in a belated attempt to meet his burden. This too, falls far short of meeting his burden. More significantly, in dumping these documents on the court, the plaintiff is asking the court to shoulder the plaintiff's own burden of proof. That is improper. And the First Circuit has already ruled that a court is under no such obligation.

In Wilson v. Bradlees, 250 F.3d 10 (1st Cir. 2001) the First Circuit Court of Appeals reviewed a district court's exclusion of a videotape which had not been produced as part of plaintiff's expert disclosure. The plaintiff appealed on the grounds that the trial court did not view the videotape to determine whether or not they violated Rule 26, before excluding it. Reviewing under the "abuse of discretion" standard,[1] the appellate court held that the district court did not abuse its discretion in excluding the material.

> Perhaps recognizing that the powers of a district court to enforce its case management orders and the supplementation duties imposed by Rule 26 will not lightly be disturbed, plaintiff argues that the court erred in not personally viewing the tapes "to see whether or not they offended" Rule 26 before entering its ruling. The short answer is that Rule 37(c)(1), which requires the near automatic exclusion of Rule 26 information that is not timely disclosed, imposes no such obligation on the trial court. Rather it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. See Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir.

[1] The decision to exclude expert testimony for untimely designation is reviewable only under the abuse of discretion standard. See Sexton v. Gulf Oil Corp., 809 F.2d 167, 170 (1st Cir. 1987).

> 1999); Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741-742 (7th Cir. 1998). **This is a burden that plaintiff made no attempt to shoulder, and the district court did not abuse its discretion in imposing Rule 37(c)(1)'s "self-executing" sanction.** See Advisory Committee Notes to the 1993 Amendments.

Wilson, at 20-21. (emphasis added)(internal footnote omitted).(Cf. Bradley v. United States, 866 F.2d 120, 124-26 (5th Cir. 1989) (Under the more relaxed pre-1993 rules, "the district court abused its discretion" by permitting two experts to testify despite the fact that they were undisclosed in answers to interrogatories and undisclosed in Rule 26 (a)(2) disclosures). For that reason, the court need not take the Rule 26(a)(1) documents into account.

**The Four Factors Which Should Guide This Court**

But even if the court does examine the documents, they do not help the plaintiff meet his burden of proof.

In making its decision regarding substantial justification/harmless error, this court should be guided by the consideration of four factors: (1) the explanation, if any, for the party's failure to identify the witness; (2) the importance of the witness's testimony; (3) the prejudice to the opposing party of allowing the witness to testify; and (4) the possibility of curing such prejudice by granting a continuance. *See* Samos Imex Corp. v. Nextel Communs., Inc., 194 F.3d 301, 305 (1st Cir. 1999); Hamburger v. State Farm, 361 F.3d 875, 883 95th Cir. 2004); Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990); Bradley v. United States, 866 F.2d 120, 124-26 (5th Cir. 1989); Murphy v. Magnolia Elec. Power Ass'n, 639 F.2d 232, 234-35 (5th Cir. 1981); Central Maine Power Co. v. Foster Wheeler Corp., 115 F.R.D. 295, 297 (D.Me. 1987); 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2050 at 327 (1970).

**The Plaintiff's Explanation**

The plaintiff's explanation for his failure to disclose is grossly deficient in several ways.

Plaintiff claims that he never answered the defendant's interrogatories AND never responded to a request for production, because he believed that his Rule 26(a)(1) disclosure was sufficiently responsive to both. See defendant's discovery requests, attached as Exhibit A. This is absurd, because it stands Rules 33 and 34 on their head. There is no such objection to discovery.

Moreover, the plaintiff's attorney never gave any indication that this was his position until he filed his opposition memorandum. In fact, he actually sent an electronic correspondence to counsel for the defendant during the pendency of the requests, indicating that he was working on preparing the responses. See Bailey e-mail dated March 2, 2005, attached as Exhibit B. See also Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990). There was no follow up e-mail changing the plaintiff's position.

Plaintiff also claims that he never prepared a Rule 26(a)(2) disclosure for the non-retained experts, again because he believed that his Rule 26(a)(1) disclosure was sufficient. This too is absurd. This exact claim has been universally rejected. Each court considering the issue has found that a 26(a)(1) disclosure is insufficient to qualify as an implied 26(a)(2) disclosure:

In Musser v. Gentiva, 356 F.3d 751, 757, (7th Cir. 2004) a plaintiff had failed to disclose a treating physician as an expert witness, claiming that it would have been a "pointless formality" to do so. The district court disagreed and excluded the witness' expert testimony. On appeal, the Seventh Circuit affirmed, writing:

> The Federal Rules of Civil Procedure ... demand this formal designation ... Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [Defendant] should not be made to assume that each witness disclosed by the [plaintiffs] could be an expert witness at trial ... The failure to disclose experts prejudiced [defendant] because there are countermeasures that could have been taken that are not applicable to fact witnesses,

> such as attempting to disqualify the expert testimony on grounds set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc. ..., retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report. In sum, we agree with the district court that even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.

Musser v. Gentiva Health Services, 356 F.3d at 757-758.

The Musser court wrote, quoting the district court opinion with favor:

> Disclosing a person as a witness and disclosing a person as an expert are two distinct acts. Obviously, opposing counsel will question a witness differently . . . if the witness has been designated as an expert, and is also provided the opportunity to challenge the expert's qualifications . . .

Id. at 758.

More specifically, the Musser court wrote that a "misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline." Musser v. Gentiva Health Services, 356 F.3d at 758. In Musser, the court stated that the plaintiffs had shown no justification for their failure to designate expert witnesses, other than their erroneous assumption that disclosing a witness is the same as disclosing an expert witness. *Id.* That erroneous assumption did not amount to "substantial justification."

In response to this motion, plaintiff states that he impliedly disclosed the expert witnesses in the initial discovery stage, and that it was defendant's duty to infer that plaintiff intended to use some of the persons mentioned within the initial disclosure as non-retained experts." However, the rules are clear that the expert witness disclosures must be in writing, signed by counsel. For that reason, the explanation is unpersuasive. Musser, id., See also, Lidge v. Sears Roebuck, 2004 US Dist LEXIS 9161 (WD Mo. 2004). Plaintiff's explanation mirrors the explanation which was rejected by the courts in the Musser case, and should be rejected in this case as well.

**The Importance of the Witness Testimony**

In Geiserman, 893 F.2d at 791, an appellate court considered the relative importance of the excluded testimony. Noting that there was a question of its importance, the court assumed "*arguendo* that expert testimony was significant . . .." and went on to note, "so much the more reason to be sure its introduction was properly grounded." Id. Going further, the court noted that "the claimed importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." Id. at 792.

In our case, the testimony appears important because expert testimony on the issue of damages is required. See Alterio and Tortolano. Nevertheless, this has been the standard in Rhode Island since well before the plaintiff filed his complaint from the City of Brotherly Love. What seems more likely is that the plaintiff failed to recognize the importance of expert testimony in our fair jurisdiction until the eve of trial.

> A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline.

Musser v. Gentiva, at 758.

**The Prejudice to the Defendant**

The Fifth Circuit Court of Appeals has examined this issue extensively. In Geiserman, 893 F.2d 787 (5th Cir. 1990), they addressed the issue of prejudice in the following context:

> [Plaintiff] argues that a delay of a couple weeks in designating the expert witness would not have caused any prejudice to Attorney. Such delay, however, would have disrupted the court's discovery schedule and the opponent's preparation. Attorney stated that his own trial strategy was affected by [plaintiff]'s extensive delay in answering interrogatories and similar delay in designating any expert witness. Attorney explained that he chose and designated his own expert witness in "reliance on Plaintiff's apparent decision to forgo expert testimony."[2] Attorney also argued that he would be

[2] Additionally, Attorney expected experts to be identified through answers to the interrogatories before deposing Geiserman or other witnesses scheduled for depositions. Geiserman at n.7.

> unable to prepare for and take the depositions of [plaintiff]'s proposed experts before the discovery deadline of October 3. Attorney also mentioned the expense that would result from an extended discovery schedule for [plaintiff]'s failure to adhere to deadlines. Although Attorney might not suffer the degree of unfair surprise associated with the last-second designation of an unscheduled witness, *see Bradley, 866 F.2d at 125,* the trial court has latitude to control discovery abuses and cure prejudice by excluding improperly designated evidence.

Geiserman, at 791 (footnote in original).

In Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) they addressed the issue of prejudice in the context of a non-disclosed, "non-retained" treating physician expert:

> The third factor, prejudice to [defendant], weighs in [defendant]'s favor. Since Dr. Fitzgerald was not designated timely, [defendant] did not have reason to know that [plaintiff] intended to call her to give expert testimony . . .. Although [defendant] was in possession of Dr. Fitzgerald's medical records prior to [plaintiff]'s late designation of Dr. Fitzgerald as an expert witness, those records did not . . . alert [defendant] that Dr. Fitzgerald might give expert testimony . . .. Thus, [defendant] would have been prejudiced if Dr. Fitzgerald's lately identified expert testimony . . . had been allowed.

Hamburger, at 883.

The defendant, East Greenwich Oil will be prejudiced by any continuance granted to the plaintiff. We have already endured continuances necessitated by the plaintiff's attorney's very busy trial schedule. These continuances have already resulted in unnecessary court appearances and additional legal expense. If another continuance is granted, our client will incur additional unnecessary legal expense.

Moreover, the damage to our ability to litigate is incalculable. The answers to interrogatories were due nine (9) months ago. The expert disclosures were due six (6) months

ago. The memories of potential witnesses have almost certainly faded by the passage of time. Moreover, the oil tanks at issue have been removed and lost.

And most importantly, since the expert designations first became overdue in march and June, the home has been completely renovated, removing any possibility of inspection by an opposing damages expert. If the non-retained experts had been disclosed in a March 2005 answer to interrogatories, we could have sent our own damages expert to examine the residence with an eye toward estimating the value of the damaged property. When they failed to disclose an expert on damages in answer to interrogatories, we made a tactical decision not to select our own expert. See Geiserman at 792.

We also note that we have already taken Matt Davitt's deposition as a fact witness. Know we are being told that he is also an expert witness. Although we knew he was a witness, we were deprived of the opportunity to question him as an expert. See Musser, 356 F.2d 751, 758.

Also, since the designations became overdue, we have locked in our trial strategy. We have spent hours preparing opening statements, direct examinations and cross examinations based upon that trial strategy. We have prepared our trial notebooks, and a PowerPoint presentation based upon our trial strategy. If the plaintiff is permitted to add a single viable expert witness, it will destroy weeks of trial preparation.

For the foregoing reason, this third factor weighs heavily in favor of exclusion.

**The Possibility of a Continuance**

This last factor also weighs heavily in favor of exclusion. The matter has been continued twice already because of plaintiff's attorney's busy trial schedule. Moreover, the Rhode island prejudgment interest statute does not appear to give this court the discretion to abate the interest.

See Kastal v. Hickory House, 95 R.I. 366, 369 (1963) ("In our opinion the statute is neither ambiguous nor equivocal. It speaks imperatively and directly not to the court but to the clerk who is ordered to add "to the amount of damages, interest thereon from the date of the writ * * *." **This is a purely ministerial act; it contemplates no judicial intervention**. The legislative fiat is explicit and admits of no conditions or reservations.")(emphasis added).

This court is therefore on shaky ground if it attempts to modify the interest accrued on a potential judgment. Id. See also La Plante v. American Honda Motor Co., 27 F.3d 731, 743-744 (1st Cir. 1994).

In examining this fourth and final factor, courts also examine the issue of discouraging the conduct.

In Geiserman, the Fifth Circuit affirmed a district court's decision not to grant a continuance because of the:

> additional delay and increased [] expense of defending the lawsuit. Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.
>
> Consequently, the court's refusal to modify the scheduling order and its enforcement of the time deadlines did not abuse its discretion.

Id. at 792 (citing Bradley, 866 F.2d at 126.). See also, Hamburger at 883. As discussed, *supra*, the instant case would certainly result in increased expense.

**"Retained," "Employed" or "Non-retained" experts?**

Finally, we have argued that plaintiff's five witnesses are not "non-retained" experts, and that the plaintiff was obligated to provide a report. However, if the court determines that the witnesses are to be excluded for non-disclosure, it need not reach the issue of whether they are "retained," "employed" or "non-retained" experts. See Hamburger v. State Farm Mutual, 361 F.3d 875, 882-3 (5th Cir. 2004).

**CONCLUSION**

The sanction of expert preclusion appears harsh, but it is precisely the sanction warranted (by the Rules and by the First Circuit) for plaintiff's failure to designate the experts and for failure to respond to discovery within the time provided by the rules and the pretrial order. See Ortiz-Lopez at 34-35.

On the contrary, the plaintiff is inviting this court to be the first in the nation to rule that a party is "substantially justified" in ignoring a request for production of documents if their initial disclosures contain enough documents to permit the opposing party to guess which ones might be responsive to *some* of the requests.

Further, the plaintiff is inviting this court to be the first in the nation to rule that a party is "substantially justified" in ignoring a set of interrogatories if their initial disclosures contain enough documents to permit the opposing party to guess at *some* of what the written answers might be.

Further still, the plaintiff is inviting this court to be the first in the nation to rule that a party is "substantially justified" in assuming that its identification of fact witnesses as fact witnesses in a rule 26(a)(1) initial disclosure is the legal equivalent of identifying them as an expert witness in a Rule 26(a)(2) expert disclosure.

In order to deny the defendant's request for exclusion of expert testimony on damages, the court must accept all three of these invitations, and must also be willing to accept the possibility of devastating consequences upon the court's ability to manage its own docket. For the foregoing reasons, we respectfully ask this court to exclude any expert testimony on the issue of damages.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 12/23/05

Respectfully Submitted,
EAST GREENWICH OIL CO., INC.
By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660