UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VIGILANT INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>EAST GREENWICH OIL CO., INC. and EASTERN SECURITY CORPORATION,<br><br>Defendants. | C.A. No. 04-439 S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I. Introduction

Defendant East Greenwich Oil ("EG Oil") has filed a Motion to Exclude Expert Damages Testimony.[1] EG Oil seeks to prevent Vigilant Insurance ("Vigilant") from presenting expert damages testimony from five individuals: Matt Davitt, Jeff Nigrelli, James Tagliente, Tom Brown, and Peter Byrne.[2] EG Oil seeks this sanction because none of these individuals was disclosed as an expert[3] in

---

[1] Defendant Eastern Security Corporation was dismissed from this matter, by an order of this Court, on October 25, 2005.

[2] Vigilant characterizes Matt Davitt as a "lay expert" and the four additional individuals as "non-retained testifying experts." For simplicity, all five will be referred to as "non-retained testifying experts."

[3] The only expert Vigilant properly disclosed under Rule 26(a)(2) is David Toler, whose expertise concerns liability.

accordance with the Pretrial Order nor as required by Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure.[4] In addition, Vigilant failed to respond to an interrogatory seeking the names of its experts and failed to respond to a request for production of documents related to damages. Vigilant argues that its automatic disclosures pursuant to Rule 26(a)(1) excuse it from the other disclosure obligations arising from the Rules of Civil Procedure or this Court's Pretrial Order. As detailed below, these arguments are baseless. Disclosures required under Rule 26(a)(1), no matter how voluminous, do not excuse compliance with this Court's case management orders or the Rules of Civil Procedure governing discovery.[5]

A. The Pretrial Order

"It is settled law that a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) (citing Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). Furthermore, "[c]ourts cannot function if litigants may,

---

[4] For simplicity, all Rules of the Federal Rules of Civil Procedure are referred to by "Rule" number only.

[5] At oral argument, EG Oil's counsel revealed that he had never seen a copy of Vigilant's Rule 26(a)(1) disclosures. EG Oil does not contest that the disclosures were made; rather, it maintained that previous counsel did not pass along the disclosures to current counsel. This Court then ordered Vigilant to produce the Rule 26(a)(1) disclosures to both EG Oil and this Court.

with impunity, disobey lawful orders." HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988).

The Pretrial Order governing this case required disclosure of "experts" by June 14, 2005; it did not distinguish between different types of experts. Thus, disclosure of all experts was mandated within the specified time frame.[6] The Pretrial Order clearly states that "Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court"; moreover, the Pretrial Order warns that the "[f]ailure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence."

Vigilant's attempt to distinguish "non-retained testifying experts" as a special class of expert that need not be disclosed is as groundless as EG Oil's earlier attempt to exclude a "rebuttal" expert from the disclosure deadline. The Court's Pretrial Order, written in plain, easy to understand English, requires disclosure of all experts by the specified deadline, in this case by June 14,

---

[6] On August 25, 2001, this Court issued an Order precluding EG Oil from disclosing a "rebuttal" expert after the deadline set forth in this Court's Pretrial Order. Vigilant characterized EG Oil's attempt to designate an expert after the Pretrial Order's deadline as "an end run around the Court's Pretrial Order."

2005. Vigilant's failure to disclose five experts as required by the Pretrial Order was a clear violation of that order.

B. Rule 26(a)(2)(A) Disclosures

Rule 26(a)(2) is entitled "Disclosure of Expert Testimony." Part (A) of Rule 26(a)(2) states, "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Part (B) of Rule 26(a)(2) sets forth additional requirements for an expert who is "retained or specially employed," for example, requiring "a written report prepared and signed by the witness."

Vigilant's argument that "non-retained testifying experts" are exempt from Rule 26(a)(2)(A) lacks support. The plain language of Rule 26(a)(2)(A) requires disclosure of any person who may present expert testimony at trial. Numerous cases support this plain reading of Rule 26(a)(2)(A). See, e.g., Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (stating that directive of 26(a)(2)(A) is mandatory); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 882 (5th Cir. 2004) ("the expert designation requirement of rule 26(a)(2)(A) applies to all testifying experts"); Musser v. Gentiva Health Servs., 356 F.3d 751, 756 (7th Cir. 2004) ("all witnesses who are to give expert testimony . . .

must be disclosed under Rule 26(a)(2)(A)") (emphasis in original); Lohnes v. Level 3 Commcn's, Inc., 272 F.3d 49, 59 (1st Cir. 2001) (explaining that Rule 26(a)(2)(A) "mandate[s] that, in the course of pretrial discovery, 'a party shall disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence].'"); Applera Corp. v. MJ Research Inc., 220 F.R.D. 13, 18-19 (D. Conn. 2004) ("'employee experts' . . . unambiguously fall within [Rule] 26(a)(2)(A)'s requirement that they be identified to [Defendant] as expert witnesses"). None of the five experts EG Oil seeks to exclude was disclosed in accordance with Rule 26(a)(2)(A).

Vigilant attempts to explain why it did not comply with Rule 26(a)(2)(A) by contorting the Rules. First, Vigilant contends that its disclosure of these individuals, as part of its broader Rule 26(a)(1) disclosure, relieves it from the requirement of disclosure under Rule 26(a)(2)(A). This assertion is in direct conflict with the language of the rules: Rule 26(a)(2)(A) states that the disclosure of experts is "[i]n addition to the disclosures required by [Rule 26(a)(1)]." (Emphasis added.) Thus, Rule 26(a)(1) disclosures are not in lieu of Rule 26(a)(2)(A) disclosures. Moreover, Vigilant's Rule 26(a)(1) disclosure did not indicate that the five individuals at issue were anything more than fact witnesses. "[Defendants] should not be made to assume that each

witness disclosed by [Plaintiff] could be an expert witness at trial." Musser, 356 F.3d at 757.

Second, Vigilant relies on Commentary for Rule 26(b)(4) that distinguishes between retained experts and experts that were actors or viewers. Rule 26(b)(4), however, concerns trial preparation of experts, not disclosure of experts. Even so, Rule 26(b)(4)(A) recognizes the same distinction as part (A) and part (B) of Rule 26(a)(2), as it too differentiates between individuals who provide expert testimony and those who are retained or specially employed to provide expert testimony. Rule 26(b)(4)(A) specifies that all persons identified as experts who will give an opinion at trial may be deposed, while experts that must produce reports in accordance with Rule 26(a)(2)(B) (retained or specially employed experts) cannot be deposed until after the reports are produced. Therefore, not only is Rule 26(b)(4) inapplicable to the present dispute, but it also supports the distinction made in Rule 26(a)(2)(A) and Rule 26(a)(2)(B). As discussed above, Rule 26(a)(2)(A) requires disclosure of all experts. Rule 26(b)(4) does not undermine that mandate.

Finally, Vigilant cites several district court cases, which it contends support its assertion that "non-retained testifying experts" do not need to be disclosed in accordance with Rule 26(a)(2)(a). However, none of these cases support Vigilant's

contention. See Full Faith Church of Love West, Inc. v. Hoover Treated Wood Prods., Inc., No. 01-2597, 2002 U.S. Dist. Lexis 25449 (D. Kan. Jan. 23, 2002) (no mention of Rule 26(a)(2)(A)); Talarico v. Marathon Shoe Co., 182 F. Supp. 2d 102, 114 (D. Me. 2002) (expert report not required for non-retained experts); Rollins v. Barlow, 188 F. Supp. 2d 660, 661-62 (S.D. W.Va. 2002) (non-retained expert disclosed); Kent v. Katz, No.99-189, 2000 U.S. Dist. Lexis 22034 at *3-4 (D. Vt. Aug. 9, 2000) (distinction between retained and non-retained experts; only retained experts file expert reports); Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., 199 F.R.D. 320, 324 (D. Minn. 2000) (employee not presenting evidence under Rule 702, 703, or 705 need not be disclosed under Rule 26(a)(2)(A))); Sprague v. Liberty Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998) ("all experts must be disclosed under Rule 26(a)(2)(A)").

None of Vigilant's arguments for its noncompliance with Rule 26(a)(2)(A) are persuasive, and the Court finds that Vigilant has failed to meet its obligation under that Rule.

C. Interrogatory Number Twenty-Nine

EG Oil also urges exclusion of the five aforementioned experts because of Vigilant's failure to respond to an interrogatory, served on February 4, 2005. Interrogatory twenty-nine sought the identity of "every person whom you expect to call as an expert

witness at trial." Vigilant does not explain its failure to answer the interrogatory, but again simply relies on its voluminous Rule 26(a)(1) disclosures and contends that they provided the information sought by the interrogatory.

Rule 33 sets forth the process for serving and responding to interrogatories. Based upon counsel's representations at oral argument, the interrogatories were properly served, but neither answered nor objected to. Vigilant provides no authority for its contention that compliance with Rule 26(a)(1) excuses compliance with any other discovery Rule. Furthermore, having reviewed the Rule 26(a)(1) disclosures, there does not appear to be any clear indication of who will provide expert testimony. Again, Vigilant has disregarded its obligations under the Rules.

D. <u>Request for Production of Documents Number Five</u>

EG Oil sought "Any and all cost estimates, invoices, contracts, work orders, change of work orders, scope of work, building permits related to the subject premises" in a request for production of documents served on February 4, 2005. According to representations made at oral argument, this request was served, but never answered nor objected to. Vigilant did not respond to this request and now maintains that it did not require a response. Except for reiterating that this information was included in its

Rule 26(a)(1) disclosures, Vigilant provides no reason why this discovery request went unanswered.

Rule 34 sets forth the process for serving and responding to requests for production of documents. Nowhere in Rule 34 is there found an exception for information provided in Rule 26(a)(1) disclosures.

However, request number five did not specifically seek disclosure of experts. Given the previously mentioned discovery violations, it is unnecessary to determine whether or not a response to request for production of documents number five might have alerted EG Oil to the identity of any or all of the undisclosed experts. Although not directly connected to the lack of expert disclosure, Vigilant's failure to respond to this request is in and of itself a discovery violation, subject to sanction.

II. Sanctions Sought by EG Oil

"Formal disclosure of experts is not pointless." Musser, 356 F.3d 757. "Many courts -this court included- have recognized that the introduction of new expert testimony on the eve of trial can be seriously prejudicial to the opposing party." Thibeault v. Square D Co., 960 F.2d 239, 246-47 (1st Cir. 1992). The failure to disclose experts is prejudicial because EG Oil could have taken countermeasures, including holding depositions and retaining experts of its own. See Musser, 356 F.3d at 758. EG Oil contends

that sanctions under both Rule 37(c) and Rule 37(d) are appropriate.

A. Rule 37(c)

EG Oil asserts that this Court must exclude the five undisclosed damages experts pursuant to Rule 37(c). Rule 37(c)(1) addresses situations where a party "fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)." Here, Vigilant's expert disclosure was required by Rule 26(a)(2)(A). Unless the party who failed to make the required disclosure had "substantial justification" or the failure to disclose was "harmless," the first sentence of Rule 37(c)(1) states that witness or information not disclosed cannot be used as evidence "at a trial, at a hearing, or on a motion."

EG Oil argues that Vigilant's failures to disclose are both without justification and extraordinarily harmful to them. In response, Vigilant argues that this Court should find that its failures to disclose were either justified or harmless. Vigilant further urges this Court not to take the drastic measure of precluding its experts, because to do so would effectively prevent it from proving its case. See Thibeault, 960 F.2d at 247 ("preclusion of expert testimony is a grave step, not to be undertaken lightly").

Although the first sentence of Rule 37(c)(1) appears to mandate the exclusion of the undisclosed witnesses or evidence (unless the non-disclosure was either harmless or substantially justified), the second sentence makes clear that the sanction of preclusion is one of many alternatives available. Specifically, the second sentence of Rule 37(c)(1) provides: "In addition to <u>or in lieu of</u> this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." (Emphasis added.) Thus, even if the failure to disclose was not harmless or not substantially justified, exclusion of undisclosed witnesses is not mandatory.

B. <u>Rule 37(d)</u>

Rule 37(d) provides for sanctions in several instances. The two situations relevant here are (1) where a party fails to serve answers or objection to Rule 33 interrogatories and (2) where a party fails to serve a written response to a Rule 34 request for inspection. Although a party seeking sanctions under Rule 37(d) is not required to first file a motion to compel, the party is required to submit a good faith certification with the motion seeking sanctions.[7] If a complete motion under Rule 37(d) were

---

[7] Rule 37(d) requires that motions predicated on the failure of a party to respond to interrogatories or the failure of a party to respond to requests for inspections "shall include a certification that the movant has in good faith conferred or

pending, then Rule 37(d) would permit this Court to take any action authorized under Rule 37(b)(2)(A)-(C) or allow the Court to "make such orders in regard to the failure as are just." However, no good faith certification accompanied EG Oil's motion.

EG Oil's attempt to circumvent the requirement of a good faith certification is two-fold. First, it states that "Despite defendant's good faith efforts to obtain those materials including telephone calls and face-to-face conversations with plaintiff's counsel, material which might support plaintiff's claim for damages was never shared with counsel for defense." Second, EG Oil points out that there is no "dispute" about which to confer because the discovery requests went totally unanswered.

Vigilant contends that the absence of the certification prevents this Court from awarding sanctions under Rule 37(d) and at oral argument added that "not once did [EG Oil] attempt to contact me . . . to get this thing clarified." Both Vigilant's failure to respond to the two discovery requests and EG Oil's failure to include a certification must be considered in crafting an appropriate sanction for the violations discussed above.

---

attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action."

III. Sanction Ordered

When parties twist plainly written orders and procedural rules into a pretzel of exceptions and excuses, the result is confusion, acrimony, and waste. So it is here. There is no question that Vigilant has flagrantly disregarded its obligations under the Pretrial Order and the Rules. But EG Oil is not without blame: it previously attempted to skirt the Pretrial Order and here failed to engage in or certify its good faith attempt to resolve the disputes.

"When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). District courts have wide latitude to craft sanctions that best suit the situations at hand. Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001). This Court has crafted the remedy most appropriate given all of the circumstances of this matter. See Thibeault, 960 F.2d at 246 ("In considering sanctions for lapses in the course of pretrial discovery, a district court should consider all the circumstances surrounding the alleged violation[s].").

But for the lack of communication between all counsel and EG Oil's counsel's ignorance of Vigilant's Rule 26(a)(1) disclosures (received by EG Oil's prior counsel, who is no longer employed with the law firm representing EG Oil), this Court would preclude testimony from the five "non-retained testifying experts." Although the sanction set forth below does not preclude the five damages experts,[8] it minimizes the prejudice facing EG Oil and deals comprehensively with Vigilant's discovery digressions. Accordingly, the following Order shall enter, and the deadlines set forth shall replace the deadlines in the Pretrial Order and govern the remaining time prior to trial:

1. EG Oil may depose Matt Davitt, Jeff Nigrelli, James Tagliente, Tom Brown, and Peter Byrne. All depositions of these five individuals must be concluded by **May 5, 2006**. The scope of testimony for these individuals, designated by Vigilant as damages experts, will be limited to that set forth in Vigilant's December 19, 2005 Pretrial Memorandum.

2. The Order issued by this Court on August 21, 2005, preventing EG Oil from designating a liability expert, is hereby VACATED. EG Oil may retain an expert on liability. If EG Oil retains a liability expert, then expert disclosure for this witness shall occur no later than **April 7, 2006**. Should Vigilant seek to depose this witness, this deposition must be concluded by **May 5, 2006**.

---

[8] The Court is mindful that EG Oil anticipates filing Daubert motions challenging the expertise of Vigilant's experts. The present ruling in no way speaks to the actual expertise, if any, of the five individuals, which will be decided in due course.

3. EG Oil may retain an expert or experts on damages. If EG Oil retains an expert or experts on damages, expert disclosures shall be made no later than **April 7, 2006**. Should Vigilant seek to depose the damages expert or experts, depositions must be concluded by **May 5, 2006**.

4. All experts designated by EG Oil during this period must be disclosed in accordance with Rule 26.

5. By **March 28, 2006**, Vigilant must respond to all discovery requests that have not yet been answered.

6. Because of the aforementioned discovery deadlines, EG Oil's Amended Pretrial Memoranda is now due on **May 12, 2006**.

7. Counsel for Vigilant shall bear E.G. Oil's costs for prosecuting its Motion to Exclude Testimony on Damages, including the Supplemental Memorandum and the Reply to Plaintiff's Supplemental Memorandum. Counsel for EG Oil shall submit an accounting of time for approval by this Court.

For all of the foregoing reasons, East Greenwich Oil's Motion to Exclude Expert Damages Testimony is DENIED and this Court's August 21, 2005 Order, preventing EG Oil from designating a liability expert, is hereby VACATED.

IT IS SO ORDERED.

William E. Smith
United States District Judge
Date: 3/9/06