**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

**DEFENDANT EAST GREENWICH OIL'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF ITS MOTION TO EXCLUDE DAMAGES TESTIMONY AND TO SCHEDULE A MEDIATION SESSION WITH THE MAGISTRATE**

Now comes the defendant and respectfully requests that the court reconsider its denial of the motion to exclude testimony on damages. The defendant also respectfully requests that the court schedule a mediation session for counsel and the appropriate representatives of their insurance carriers to take place in the first week of April.

As grounds for the former request, the defendant respectfully offers the attached memorandum. As grounds for the latter request, we note that Hurricane Katrina interfered with our last opportunity to have a mediated settlement session attended by all parties and counsel.

By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/16/06

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

**MEMORANDUM IN SUPPORT OF DEFENDANT EAST GREENWICH OIL'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF ITS MOTION TO EXCLUDE DAMAGES TESTIMONY**

Now comes the defendant and respectfully requests that the court reconsider its denial of the motion to exclude testimony on damages. As grounds for this motion, the defendant respectfully notes that the sanction unfairly punishes a party which complied with the rules of discovery.

The only appropriate sanction is exclusion of the testimony.

We request an expedited ruling on this matter, so that it may be resolved before the first deadline contained in the subject order (March 28, 2006).

**The sanction is actually a windfall for the plaintiff**

The "sanction" imposed by the court actually accrues to the monetary benefit of the plaintiff.

As noted in our motion to exclude, the Rhode Island interest statute applies mandatory interest at a rate of 1% per month. By denying the motion to exclude, the court may have given the plaintiff a monetary gift of $37,500.

If not for the motion to exclude, the court would have tried this case in December 2005. Because of this motion (and plaintiff's flagrant discovery violations), the trial has been continued for an additional six (6) months. During that time, mandatory statutory interest has been accruing at a rate of 6% on plaintiff's claim of over $625,000. This is the equivalent of $37,500.

If plaintiff's claim is completely meritorious, which we obviously dispute, then the "sanction" crafted by the court is actually a **gift** to the plaintiff of $37,500 in mandatory interest fees. These fees would not accrue but for plaintiff's counsel failing to answer interrogatories, AND failing to respond to a request for production of documents, AND preparing an incomplete expert designation. Even if the court deducts an estimated $4,000 in legal fees (see ¶7 of the court's order), the perceived net benefit to the plaintiff's case is still $33,500.

This issue is even more troubling when we remind the court that the plaintiff requested prior continuances because of their own scheduling issues, which caused at least a 4 month delay in disposition. This four month delay resulted in a significant perceived[1] benefit to the plaintiff of $25,000.

On the other hand, counsel for the defense must report to their client as follows:

> We have good news and bad news. The good news is that the court has imposed attorney's fees against the plaintiff in the amount of some $4,000. The bad news is that 1) we lost the motion to exclude, 2) the plaintiff now gets to use five (5) damages experts, 3) the potential exposure on this case has increased by another 6% because of the delay caused by our filing, 4) our litigation budget just went up by $25,000 because of new expert depositions (plus any cost of adding our own experts), and 5) you will probably never see a nickel of the attorney's fee sanction for a variety of reasons.

This sanction actually punishes the defendant for filing the motion to exclude.

The court has an obligation to deter future discovery misconduct. Increasing the value of plaintiff's claim by delaying trial by six months, and thereby mandating an extra 6% "interest factor" will not deter future misconduct.

---

[1] We note that this "perceived" benefit is only a reality IF the plaintiff is successful at trial. However, from a defense perspective, we evaluate the settlement value of each case by 1) estimating the per cent chance of liability, and multiply that times the anticipated exposure figure (multiplied the mandatory statutory prejudgment interest). Thus, in this very practical sense, the sanction has actually increased the settlement value of the plaintiff's case. In sum, the court rewarded the plaintiff for ignoring the discovery requests and for failing to disclose experts.

We respectfully request that the court reconsider its sanction in light of these very practical implications.

**The good faith efforts *were* "certified" pursuant to Rule 11**

The court declined to impose the sanction of dismissal pursuant to Rule 37(d) because of EG Oil's "failure to include a certification."

The court wrote that EG Oil attempted to "circumvent" the requirement of a good faith certification." This is not the case. The defendant acknowledges the importance of good faith efforts to resolve discovery disputes, and did not attempt to circumvent the requirement. Rather, we *demonstrated* that we *met* the requirement of a good faith certification by specifically describing our efforts in the body of the motion. That was not intended as circumvention, it was intended as compliance.

The court also suggests that EG Oil attempted to circumvent the good faith certification by claiming that there was no dispute. This is also not the case. We reported our compliance in the motion, we did not circumvent any requirement. Specifically, we described the results of our efforts, i.e., we asked for the overdue discovery, and we were told that it was forthcoming. It never "forthcame." On that basis, we noted that there was no dispute.

The court wrote that EG Oil "failed to engage in or certify its good faith attempt to resolve the dispute." This is untrue in both respects.

The defendant made several good faith efforts to obtain the material. As noted in its motion, at oral argument, and also in the court's opinion, counsel for EG Oil went beyond the generic "certification" and actually detailed its good faith efforts to secure the material.

Specifically, in the body of the motion, counsel described "telephone calls and face-to-face conversations." See p. 4 of the Motion to Exclude.

Moreover, this description of the actual good faith efforts in a motion document is, by its very nature, a "certification." See Fed. R. Civ. Proc. 11(b) (By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is **certifying** that to the best of the person's knowledge, information, and belief, . . . the allegations have evidentiary support . . .)

Reading the motion to exclude, together with the obligations imposed on all lawyers by Rule 11, it is clear that the good faith efforts were made and were properly "certified."

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**The Time Frame Provided by the Court is Overly Beneficial to Plaintiff**

The plaintiff's Answers to Interrogatories, and Response to Request for Production of Documents are now due on March 28, 2006. These discovery responses are returnable twelve months after they were actually due, and six months after the close of discovery. Moreover, this deadline does not provide the defendant any meaningful opportunity to use the discovery. If the fifty-four (54) discovery responses actually provide a "lead," the defendant cannot follow up on that lead because fact discovery remains closed. The defendant is effectively prohibited from cross-examining the plaintiff or any other fact witness. Moreover, the lead may be useless because of plaintiff's spoliation of evidence (i.e., the missing oil tank and gauge). Further still, if the plaintiff interposes objections to the discovery requests, the court's time frame and the rules of civil procedure leave no meaningful opportunity to compel responses or to strike objections as untimely.

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**The failure to designate experts increases EG Oil's litigation budget by $25,000 or more**

In counsel's experience, expert depositions cost approximately $5,000 per deposition. Between travel, issue research, preparation for, attendance at, review of transcripts, deposition summaries, etc., they are very expensive. As we noted in our papers, we believe that the plaintiff designated five (5) separate damages experts in the misplaced belief that this court would preclude some of the experts. That was not the case, and now we must depose all five (5) so-called experts. If the experts had been properly noticed in a timely manner, we could have moved to exclude four of the five as being excessive and duplicative. We would have based this motion on our belief that the court would not permit five (5) separate experts to testify on exactly the same issue. If successful, this would have streamlined the trial and limited our defense costs. Because of the time frame presented by the court, we do not have that option.

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**Granting EG Oil permission to identify new liability and damages experts is useless**

Even with permission to retain and use its own experts, EG Oil's experts will be left at a distinct disadvantage because of plaintiff's dilatory conduct.

With respect to a liability expert, the plaintiff has physically destroyed the oil system (and fuel gauge) at issue, so it is impossible to physically examine the evidence to determine

how many gallons of fuel remained in one of the tanks when the gauge reportedly read "E." If the plaintiff had answered the interrogatories in a timely manner in March 2005, or if the plaintiff had disclosed the issue pre-destruction, perhaps we would have had an opportunity to retain an expert in that field who could have examined the tank and measured the oil. For now, there is almost no value to retaining a liability expert.

With respect to a damages expert, the plaintiff has completely remodeled the property since the discovery responses were due. The property is no longer available for an open inspection. Accordingly, the plaintiff's discovery tactics were successful in preventing the effective use of both liability and damages experts.

The court apparently recognizes that both sides should have the benefit of expert testimony. But this ruling ignores the fact that all expert testimony is not created equally. By delaying our opportunity to retain experts by almost a year (the interrogatory answers were due almost 12 months ago), the plaintiff has successfully diminished the value of that testimony. At trial, the plaintiff will simply ask the expert, "Isn't it true that you never even saw the oil tank/damaged property at issue?" The response must be in the affirmative and the damage will have been done in the eyes and ears of the jury.

Moreover, the plaintiff may have spoiled critical evidence. The oil tanks are no longer available. The property is in a different condition than when it was first examined by plaintiff's counsel. In the eyes of a jury, the plaintiff's expert testimony will be far more credible because they will have seen the property in the most relevant condition.

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**Plaintiff never responded to any discovery request**

We believe that the court misunderstood the grounds for our motion, and unintentionally minimized Vigilant's misconduct. The court's order indicates that there were only two (2) discovery requests which Vigilant ignored. We respectfully note that Vigilant actually failed to respond to fifty-four (54) separate discovery requests, not two (2).

In three (3) separate areas of the order, the court noted that the plaintiff failed to answer two discovery requests, i.e., Interrogatory #29 and Request for Production #5: (a) the court specifically referenced Vigilant's failure "to respond to **an** interrogatory [#29] . . . and **a** request for production of documents [#5]."(emphasis added); (b) The court also wrote "Vigilant failed to respond to **an** interrogatory seeking the names of its experts and failed to respond to **a** request for production of documents related to damages." ; and (c) The court also wrote that it "considered" "[b]oth Vigilant's failure to respond to **the two discovery requests** [Interrogatory 29 and Request for Production 5] . . ." (emphasis added).

This reading of the order implies that the plaintiff actually answered interrogatories 1-28, and 30, as well as responded to request for production numbers 1-4, 6-24. In fact, it did not answer any of those discovery requests.

The motion was based upon the plaintiff's failure to answer ALL interrogatories (1-30) and ALL requests for production (1-24). We only referenced those two specific discovery requests because they were most related to the expert/damages issues.

We recognize and agree that the court should consider "the totality of events," in selecting a sanction. Given that the court found that Vigilant's failure to respond to a single discovery request [RPD #5] "is in and of itself a discovery violation, subject to sanction," we

respectfully request that the court consider compounding its sanction by a factor of 54, or simply exclude the damages experts.

**This Defendant Did Not Attempt to "Skirt" the Pretrial Order**

In determining the sanction for plaintiff's "flagrant disregard" for its obligations, the court implied equivalent misconduct by undersigned counsel. It wrote:

> EG Oil is not without blame: it previously attempted to skirt the Pretrial Order . . .

The use of the word "skirt" is a demeaning characterization of the defendant's effort to retain an expert. We respectfully object to the court's implication.

The conduct of the two parties is far from equivalent. The similarity between the two is that both plaintiff and defendant have sought expert testimony. The differences, however, are vast:

1. The plaintiff never asked the court's permission, even though the issue arose six months after the close of the expert disclosure deadline. On the other hand, the defendant asked permission to use expert testimony before the expert disclosure deadline.

2. The plaintiff ignored 54 other discovery obligations. On the other hand, the defendant honored its obligations.

3. The plaintiff filed a rule 26 disclosure which included a single expert, and never supplemented the disclosure. Now, without even filing a motion, the court has granted it permission to add an additional five new experts, six months after the expiration of the expert disclosure deadline. On the other hand, the defendant specifically sought the court's permission before serving any expert disclosure.

More importantly, however, the defendant's earlier motion for permission to use expert testimony is not relevant from the perspective of determining a sanction for plaintiff's misconduct. As noted in our memoranda, the issue is only relevant from the perspective that this court has previously ruled (in two separate decisions) that non-disclosed experts may not testify.

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**The Vacated Order**

In ¶2, the court noted that:

> The Order issued by this court on August 21, 2005 preventing EG Oil from designating a liability expert is hereby VACATED . . ..

We respectfully note that the court did not issue an order on that date.

Instead there were two orders dealing with the defense expert: On July 12, 2005, U.S.M.J. Martin denied defendant's Motion for Permission to Disclose a Rebuttal Expert. On August 30, 2005, the court denied the defendant's appeal of the magistrate's decision. The court's present order does not make it clear as to whether it is U.S.M.J. Martin's 7/12/05 decision which is being vacated or U.S.D.J. Smith's 8/30/05 decision which is being vacated, or perhaps both.

For this reason, we respectfully request that the court reconsider its denial of the motion to exclude.

**Attorney's Fees**

Finally, we note that the court's ruling awards attorney's fees against the plaintiff. The order does not make clear whether this sanction derives from Rule 37(c) or 37(d). Moreover, this sanction was not requested by the defendant, and plaintiff's counsel did not have a reasonable opportunity to oppose such a sanction.

With respect to the source of the sanction, we infer that it did not come from 37(d) because such an award would be inconsistent with the court's apparent finding that there was no good faith effort to obtain discovery materials (i.e., attorneys fees may not be awarded under rule 37(d) unless the motion includes a good faith certification).

Yet, turning to the court's Rule 37(c) analysis, it does not appear that the court is relying on it for support for a sanction of attorney's fees. The court did not make any specific finding as to whether or not the plaintiff's conduct was harmless, or substantially justified, as argued by the plaintiff. Thus, any appeal of the court's ruling may require such a determination before such an award could be upheld.

Moreover, the court will note that this defendant pointedly did not move the court for an award of attorney's fees in any of its briefs or memoranda. We did not request such a sanction for two reasons: First, we knew that it was insufficient to overcome the prejudice caused by plaintiff's discovery violations. Second, and perhaps more importantly, seeking attorney's fees is generally counterproductive to suit resolution.

For these reasons, we respectfully request that the court reconsider its denial of the motion to exclude, and imposition of this non-requested sanction.

Respectfully Submitted,
EAST GREENWICH OIL CO., INC.
By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/16/06.